IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ROMAN FITZMARTIN | : | NO. 09-763-1 |

MEMORANDUM

Bartle, C.J.                                                July 27, 2010

   Before the court is the motion of defendant Roman Fitzmartin to correct his sentence under Rule 35(a) of the Federal Rules of Criminal Procedure and the motion of the government to dismiss defendant's motion. Fitzmartin requests the court to vacate the preliminary order of forfeiture and, if forfeiture is subsequently ordered anew, to reduce it by amounts paid as restitution.

   On March 1, 2010, Fitzmartin pleaded guilty to an information alleging two counts of mail fraud in violation of 18 U.S.C. § 1341. Attached to the information was a notice of forfeiture alleging that his interest in $872,719.26 was forfeitable pursuant to 18 U.S.C. § 981 as a result of the charged offenses.

   In the process of entering his guilty plea, Fitzmartin entered into a written plea agreement with the government. Pursuant to that agreement, Fitzmartin assented, among other things, to plead guilty to the two counts of mail fraud. The parties stipulated that the amount of the loss due to

Fitzmartin's fraud was between $400,000 and $1 million, that Fitzmartin demonstrated an acceptance of responsibility making him eligible for a two-level downward adjustment under the advisory Sentencing Guidelines, and that he had assisted authorities in the investigation of his crime making him eligible for an additional one-level downward adjustment.

The plea agreement contained other significant provisions. It stated that Fitzmartin "agrees ... not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. § 981 ..." and

> <u>agrees to pay a fine with [sic] the guidelines range and to make restitution of up to $1 million</u>. The defendant further agrees that forfeiture, restitution, fine, assessment, tax, interest or other payments in this case do not constitution extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guidelines range.

(emphasis added).

The plea agreement contains a waiver of appellate rights. With certain exceptions not relevant here, Fitzmartin "waives all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter related to this prosecution, whether such right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provisions of law."

During the change of plea hearing, the government, at the request of the court, summarized the maximum penalties which

Fitzmartin faced. The Assistant United States Attorney stated that the maximum penalties for each count were "20 years' imprisonment, three years' supervised release, a $250,000 fine, a $100 special assessment, restitution of $872,000, and forfeiture of the same amount." Fitzmartin declared that he understood the maximum penalties as set forth by the government. The court confirmed that Fitzmartin understood that, in pleading guilty pursuant to his agreement with the government, Fitzmartin was giving up his right to take any appeal from or collaterally attack whatever sentence it should impose, except in "very, very limited circumstances."

On June 2, 2010 the government filed a motion for judgment and preliminary order of forfeiture. That motion stated that, pursuant to Fitzmartin's written agreement with the government, $872,719.26 was subject to forfeiture as a result of the guilty plea. This is the same amount alleged in the information.

On June 3 the court held a hearing for the purpose of sentencing Fitzmartin. At that hearing, Fitzmartin's new counsel objected to the government's late filing of its proposed order of forfeiture. The court overruled the objection. The court sentenced Fitzmartin to 36 months' imprisonment, a 3-year term of supervised release, restitution to the victims of his crime in the amount of $755,009, and a $200 special assessment. The court did not impose a fine. On June 4, 2010, the court entered a

preliminary judgment of forfeiture, ordering Fitzmartin to forfeit $872,719.26 to the government.

Fitzmartin now brings this Rule 35 motion to contest the imposition of both an order of restitution in the amount of $755,009 and an order of forfeiture in the amount of $872,719.26.[1]  He contends that he and his former counsel believed that the amount of restitution and forfeiture were to be one and the same and not duplicative.  In essence, Fitzmartin argues that he did not anticipate having to pay twice the amount of the fraud loss.  The government maintains that Fitzmartin is prohibited from bringing this Rule 35 motion by his waiver of his right collaterally to attack his sentence.  See U.S. v. Khattack, 273 F.3d 557 (3d Cir. 2001).  It further contends that the imposition of separate and distinct orders of restitution and forfeiture, each for the full amount of the fraudulent loss, is permissible and appropriate.

Even if Fitzmartin is not procedurally barred from bringing this challenge, we will decline to alter his sentence.  Courts are permitted to impose both restitution in the full amount of the loss and forfeiture in the full amount of the loss as part of a defendant's sentence.  See U.S. v. Various Computers & Computer Equip., 82 F.3d 582, 588 (3d Cir. 1996); see also U.S.

---

1. In his motion, Fitzmartin also contests the amount of the restitution itself, as he voluntarily paid $184,250 to his victims prior to sentencing.  After a telephone conference with counsel, the parties agreed to work with the Clerk of the Court to have that amount credited to Fitzmartin's restitution account.

v. Taylor, 582 F.3d 558, 566-67 (5th Cir. 2009); U.S. v. Emerson, 128 F.3d 557, 567 (7th Cir. 1997); U.S. v. Feldman, 853 F.2d 648, 663 (9th Cir. 1988). Doing so does not constitute "double punishment," because restitution and forfeiture are not punitive and serve distinct and separate functions. Various Computers, 82 F.3d at 588. Restitution serves to compensate fully the victims of a defendant's crime and is mandatory in the circumstances presented here. See 18 U.S.C. § 3663A; see also Dolan v. U.S., No. 09-367, 2010 U.S. LEXIS 4762, *14 (June 14, 2010). Forfeiture, on the other hand, serves to disgorge from the defendant the unlawful proceeds of his crime and return them to the government of the United States. Various Computers, 82 F.3d at 587-89.

The court imposed a sentence in accordance with the terms of Fitzmartin's plea agreement with the government. The government's procedural error in submitting late its motion for a preliminary order of forfeiture is of no moment here since the amount of forfeiture was simply the amount which Fitzmartin had agreed not to contest in his plea agreement. As the record clearly establishes, Fitzmartin entered into the plea agreement knowingly and voluntarily and with the advice of counsel.

The agreement also clearly states that the defendant would be required to make restitution. Indeed, as noted above, the court was required by statute to impose restitution in an attempt to make the victims whole.

While Fitzmartin argues that it is harsh to subject him to both payments, it is the bargain he struck with the government.[2] Furthermore, as the Court of Appeals has explained:

> paying restitution plus forfeiture at worst forces the offender to disgorge a total amount equal to twice the value of the proceeds of the crime. Given the many tangible and intangible costs of criminal activity, this is in no way disproportionate to the harm inflicted upon government and society by the offense.

Various Computers, 82 F.3d at 588 (internal quotation marks omitted). Given the harm that Fitzmartin has inflicted upon his community and the resources that the government has spent uncovering his scheme, it is not unfair or lacking in proportion to impose both restitution and forfeiture.

The sentence imposed is concordant with both the law and the terms of the plea agreement that Fitzmartin accepted. Accordingly, we will deny the motion of Roman Fitzmartin to correct his sentence and will deny as moot the government's motion to dismiss defendant's motion.

---

2. We note that the statute to which Fitzmartin pleaded guilty also authorized the imposition of a fine of up to $500,000. The court declined to impose any fine. While the imposition of both restitution and forfeiture may constitute a significant financial burden, it is less than the full financial burden authorized by law. We also note that, in other legal contexts, such as civil antitrust suits, awards of up to treble damages are authorized. See 15 U.S.C. § 15.